USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/31/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
UNITED STATES OF AMERICA                          :
                                                  :    PRELIMINARY    ORDER    OF
       - v. -                                     :    FORFEITURE/MONEY JUDGMENT
                                                  :
SHAMAR DUDLEY,                                    :    23 Cr. 7 (GHW)
                                                  :
       Defendant.                                 :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about January 4, 2023, SHAMAR DUDLEY (the "Defendant"), among others, was charged in a two-count Indictment, 23 Cr. 7 (GHW) (the "Indictment"), with conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 (Count One); and Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Count Two);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to property constituting the proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

        WHEREAS, on or about October 26, 2023, the Defendant pled guilty to Counts One and Two of the Indictment and admitted the forfeiture allegation with respect to Counts One and Two of the Indictment;

WHEREAS, the Government asserts that $52,300 in United States currency represents property constituting or derived from proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $52,300 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendant Nashawn Wells ("Wells") for the $52,300 money judgment entered against Wells in this case on July 13, 2023, and with co-defendant Alex Stroman ("Stroman") for the $52,300 money judgment entered against Stroman in this case on April 19, 2024; and

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One and Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $52,300 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendant Wells for the $52,300 money judgment entered against Wells in this case on July 13, 2023, and with co-defendant Stroman for the $52,300 money judgment entered against Stroman in this case on April 19, 2024, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant SHAMAR DUDLEY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____      10/31/24
HONORABLE GRERGORY H. WOODS     DATE
UNITED STATES DISTRICT JUDGE